United States District Court
District of Connecticut
FILED AT BRIDGEPORT
December 20, 2022
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:22CR 257 |
| v. | VIOLATIONS:<br>18 U.S.C. § 1343 (Wire Fraud)<br>18 U.S.C. § 1957 (Money Laundering)<br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)<br>(Possession with Intent to Distribute<br>Controlled Substances) |
| ANTRUM COSTON | |

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Wire Fraud)

#### The Defendant, Related Entity, and Related Bank Account

1. At all times relevant to this information, the defendant ANTRUM COSTON ("COSTON") resided in Connecticut.

2. Beginning on or about April 16, 2021, COSTON controlled a bank account at TD Bank, which was titled in his name, and which had an account number ending in 7748 ("Account x7748"). TD Bank was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

3. On or about May 6, 2021, an entity called Uptop Cleaning Shop LLC ("Uptop Cleaning Shop") was registered in the State of Connecticut, with registration information listing the principal office and mailing addresses as being in West Haven, Connecticut, and listing COSTON as a member with the same West Haven, Connecticut address.

Background Concerning Paycheck Protection Program Loans

4. First enacted in March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act provided emergency financial assistance related to the COVID-19 pandemic, including authorization of forgivable loans to small businesses through the Paycheck Protection Program ("PPP").

5. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required that certain information and documentation be provided for the business in order for a loan to be approved.

6. The PPP was overseen by the Small Business Administration ("SBA"), a federal government agency which had authority over, and provided guarantees on, all PPP loans. Individual PPP loans, however, were issued by private approved lenders, such as Harvest Small Business Finance, LLC ("Harvest"), which received and processed PPP loan applications and supporting documentation.

7. Documentation to support an application for a PPP loan may include an Internal Revenue Service ("IRS") Schedule C, Profit or Loss From Business ("Schedule C"), which can be included with a taxpayer's individual income tax return, IRS Form 1040, and filed with the IRS to report items related to a sole proprietorship business to include gross receipts or sales, gross income, expenses, and net profit or loss.

The Scheme and Artifice

8. From on or about April 19, 2021 through on or about February 2, 2022, in the District of Connecticut and elsewhere, the defendant ANTRUM COSTON, knowingly and with

intent to defraud, devised and executed a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, that is, COSTON knowingly provided materially false information to Harvest in order to obtain PPP loans, when in fact COSTON was not eligible and entitled to receive such loans.

## Manner and Means

9. It was part of the scheme and artifice that on or about April 19, 2021, COSTON caused to be signed and submitted an application (in connection with SBA Loan #7441538810) to Harvest for a $20,833.00 PPP loan for a sole proprietorship business with dba or tradename "Uptop Cleaning Shop" and business legal name "Antrum Coston," which contained material misrepresentations including:

    a. That the year of establishment for the above-named business was January 1, 2018, when in fact, no such entity associated with COSTON had been formed in 2018;

    b. That the above-named business had total gross income for 2019 (from IRS Form 1040, Schedule C, Line 7) of $114,658.00, when in fact, the business had not earned such income in 2019; and

    c. That the above-named business was entitled to a loan of $20,833.00 based on purported gross income of $114,658.00, when in fact, the business was not entitled to such funds.

10. It was further part of the scheme and artifice that on or about April 21, 2021, COSTON caused a Note for SBA Loan #7441538810 to be electronically signed.

11. It was further part of the scheme and artifice that on or about April 28, 2021, in connection with SBA Loan #7441538810, COSTON caused Harvest to transmit $20,833 to Account x7748, which he controlled.

12. It was further part of the scheme and artifice that on or about April 22, 2021, COSTON caused a "second draw borrower application" for a second PPP loan, to be signed and submitted (in connection with SBA Loan #7698938905) to Harvest for the same sole proprietorship business with business legal name "Antrum Coston" and dba or tradename "Uptop Cleaning Shop," which included material misrepresentations on the application, including:

    a. That the year of establishment for the above-named business was January 1, 2018, when in fact, no such entity associated with COSTON had been formed in 2018;

    b. That the above-named business had total gross income for 2019 (from IRS Form 1040, Schedule C, Line 7) of $114,658.00, when in fact, the business had not earned such income in 2019; and

    c. That the above-named business was entitled to a loan of $20,833.00 based on purported gross income of $114,658.00, when in fact, the business was not entitled to such funds.

13. It was further part of the scheme and artifice that on or about May 24, 2021, COSTON caused a Note for SBA Loan #7698938905 to be electronically signed.

14. It was further part of the scheme and artifice that on or about June 1, 2021, in connection with SBA Loan #7698938905, COSTON caused Harvest to transmit $20,833 to Account x7748, which he controlled.

15. It was further part of the scheme and artifice that in or about April or May 2021, COSTON caused the submission to Harvest of a document which purported to be a legitimate 2019 Schedule C that provided supposed documentary support for COSTON's PPP loan applications referenced above. The submitted Schedule C was for proprietor "ANTRUM COSTON" with business name "UP TOP CLEANING SHOP" and reflected gross receipts or sales of $114,658 and a net profit of $104,640, when in fact, COSTON did not file this form with the

IRS, and COSTON did not operate a business in 2019 that had the reported net profit or gross receipts or sales.

16.     It was further part of the scheme and artifice that on or about February 2, 2022, COSTON sought loan forgiveness for both PPP loan draws ($20,833.00 each), falsely stating on both forgiveness applications that the entirety of the loan amounts were spent on payroll costs, when in fact, COSTON used funds for personal-type expenditures, and was not entitled to a salary or compensation for a business that did not exist as of February 15, 2020, as required to receive PPP loans under the CARES Act.

Execution of the Scheme and Artifice

17.     For the purpose of executing the above-described scheme and artifice, on or about April 19, 2021, in the District of Connecticut and elsewhere, the defendant ANTRUM COSTON transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, that is, COSTON electronically signed and submitted, and caused to be signed and submitted, an application (in connection with SBA Loan #7441538810) to Harvest for a $20,833.00 PPP loan for a sole proprietorship business with dba or tradename "Uptop Cleaning Shop" and business legal name "Antrum Coston," which included material misrepresentations as described in Paragraph 9 above, for the purpose of fraudulently claiming eligibility for a PPP loan and causing Harvest to make payment on the loan to a bank account controlled by COSTON.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
(Money Laundering)

18. Paragraphs 1 through 17 are incorporated by reference.

19. On or about April 28, 2021, in the District of Connecticut and elsewhere, the defendant ANTRUM COSTON did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, which involved a financial institution which was engaged in, and the activities of which affected, interstate commerce, such property having been derived from specified unlawful activity, that is wire fraud in violation of Title 18, United States Code, Section 1343, to wit, COSTON withdrew $15,000 from Account x7748 at TD Bank, which funds were principally derived from COSTON's fraud in obtaining a PPP loan through Harvest.

All in violation of Title 18, United States Code, Section 1957.

## COUNT THREE
(Possession with Intent to Distribute Controlled Substances)

20. On or about December 31, 2021, in the District of Connecticut, the defendant ANTRUM COSTON did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1- (2-phenylethyl )-4-piperidinyl] propenamide ("fentanyl"), a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), all Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION
(Controlled Substances Offense)

21. Upon conviction of the controlled substances offense alleged in Count Three of this Information, defendant ANTRUM COSTON shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of Title 21, United States Code, Section 841, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, and a sum of money equal to the total amount of proceeds obtained as a result of the offense, including but not limited to:

   a. Approximately $2,184 in United States Currency seized from the defendant's person on December 31, 2021 and currently in the possession of the West Haven (Connecticut) Police Department; and

   b. Approximately $2,790 in United States Currency seized from the defendant's residence at an address on Coleman Street in West Haven on December 31, 2021, and currently in the possession of the West Haven Police Department.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

        UNITED STATES OF AMERICA

        _____
        ALFRED U. PAVLIS
        FIRST ASSISTANT UNITED STATES ATTORNEY

        _____
        JENNIFER R. LARAIA
        ASSISTANT UNITED STATES ATTORNEY