

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center          (203)821-3700
157 Church Street, 25th Floor          Fax (203) 773-5376
New Haven, Connecticut 06510          www.justice.gov/usao/ct

December 20, 2022

United States District Court
District of Connecticut
FILED AT BRIDGEPORT

December 20 ,20 22

By _____
Deputy Clerk

Tracy Hayes, Esq.
265 Church Street
Suite 702
New Haven, CT 06510

Re:   United States v. Antrum Coston
      Case No. 3:22-cr-00257-SRU

Dear Attorney Hayes:

This letter confirms the plea agreement between your client, Antrum Coston (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a three-count information charging violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1957 (money laundering), and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute controlled substances).

The defendant understands that, to be guilty of these offenses, the following essential elements must be satisfied:

For Count One (Wire Fraud):

1. That there was a scheme or artifice to defraud or to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises, as alleged in the information;

2. That the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Tracy Hayes, *Esq.*
*Page 2*

   3.  That in execution of that scheme, the defendant used or caused the use of interstate wires as specified in the information.

For Count Two (Money Laundering):

   1.  That the defendant engaged in a monetary transaction in or affecting interstate commerce;

   2.  That the monetary transaction involved criminally derived property of a value greater than $10,000;

   3.  That the property was derived from specified unlawful activity, here, wire fraud;

   4.  That the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense; and

   5.  That the transaction took place in the United States.

For Count Three (Possession with Intent to Distribute Controlled Substances):

   1.  That on or about the date charged, the defendant possessed with intent to distribute controlled substances, namely heroin, fentanyl, cocaine, and cocaine base; and

   2.  That the defendant did so knowingly and intentionally.

## THE PENALTIES

Imprisonment

Count One (wire fraud) carries a maximum penalty of 20 years of imprisonment. Count Two (money laundering) carries a maximum penalty of 10 years of imprisonment. Count Three (possession with intent to distribute controlled substances) carries a maximum penalty of 20 years of imprisonment.

Supervised Release

In addition, for each of Counts One and Two, the Court may impose a term of supervised release of not more than 3 years to begin after any term of imprisonment. 18 U.S.C. § 3583. For Count Three, the Court must impose a term of supervised release of at least 3 years and as much as life to begin after any term of imprisonment. 21 U.S.C. § 841(b)(1)(C).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

Tracy Hayes, *Esq.*
*Page 3*

<u>Fine</u>

Each of Counts One and Two carry a maximum fine of $250,000. As to those counts, the defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571, under which section the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Count Three carries a maximum fine of $1 million. As to this count, the defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571, under which the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $1,000,000.

<u>Special Assessment</u>

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $300. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $41,666.

<u>Interest, penalties and fines</u>

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

<u>Forfeiture</u>

Pursuant to 21 U.S.C. § 853(a), the defendant agrees to forfeit to the United States his interest in the following property, which is listed in the forfeiture allegation of the information: (a) approximately $2,184 in United States currency seized from the defendant's person on December 31, 2021 and currently in the possession of the West Haven (Connecticut) Police Department; and b) approximately $2,790 in United States currency seized from the defendant's

Tracy Hayes, *Esq.*
*Page 4*

residence at an address on Coleman Street in West Haven on December 31, 2021, and currently in the possession of the West Haven Police Department.

The defendant acknowledges that the property described above is forfeitable as property that represents the proceeds of, or was used to facilitate the commission of, the narcotics violation in Count Three of the information. The defendant agrees to waive all interests in these forfeitable assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification

Tracy Hayes, *Esq.*
*Page 5*

of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

Counts One and Two are grouped pursuant to U.S.S.G. § 3D1.2. The defendant's base offense level under U.S.S.G. §§ 2S1.1(a)(1), 2B1.1(a), and 2B1.1(b)(1)(D) is 13. That level is

Tracy Hayes, *Esq.*
*Page 6*

increased by 1 pursuant to U.S.S.G. § 2S1.1(b)(2)(A) because the defendant was convicted of a violation of 18 U.S.C. § 1957.

For Count Three, using the crack-to-powder ratio reflected in the Guidelines, the defendant's base offense level under U.S.S.G. § 2D1.1(c)(12) is 16 because the offense involved a converted drug weight of at least 20 kilograms but less than 40 kilograms. Two levels are added pursuant to U.S.S.G. § 3C1.2 because the defendant recklessly created a substantial risk of serious bodily injury to another person in the course of fleeing from a law enforcement officer.

Counts One and Two comprising one group, and Count Three compromising another group under U.S.S.G. §§ 3D1.2 and 3D1.3, the combined offense level using the Guidelines crack-to-powder ratio is 20 because the offense level for Count Three is 18 and the offense level for Counts One and Two is 14, which is within 4 levels of the higher group, and thus 2 levels are added to the higher group pursuant to U.S.S.G. § 3D1.4. Three levels are subtracted for acceptance responsibility as noted above, pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 17.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category V. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Applying the Guidelines crack-to-powder ratio, a total offense level 17, assuming a Criminal History Category V, would result in a range of 46 to 57 months of imprisonment (sentencing table) and a fine range of $10,000 00 to $1 million. U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 3 years. U.S.S.G. § 5D1.2

However, the parties agree that the Court may, consistent with the law and current sentencing framework, consider whether the crack-to-powder disparity is warranted in assessing the § 3553(a) factors. The Government supports a variance that would reflect the Guidelines range using a 1:1 ratio.

For Count Three, using a 1:1 crack-to-powder ratio, the defendant's base offense level under U.S.S.G. § 3D1.2(c) would be 12 because the offense involved a converted drug weight of at least 5 kilograms, but less than 10 kilograms. Two levels are added pursuant to U.S.S.G. § 3C1.2 because the defendant recklessly created a substantial risk of serious bodily injury to another person in the course of fleeing from a law enforcement officer.

Thus, the combined offense level, using the 1:1 crack-to-powder ratio, is 16 because the offense levels for the two groups would be the same (14), and 2 levels are added pursuant to U.S.S.G. § 3D1.4. Three levels are subtracted for acceptance responsibility as noted above, pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 13.

Using the 1:1 crack-to-powder ratio, a total offense level 13, assuming a Criminal History Category V, would result in a range of 30 to 37 months of imprisonment (sentencing table) and a fine range of $5,500 to $1 million. U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 3 years. U.S.S.G. § 5D1.2.

Tracy Hayes, *Esq.*
*Page 7*

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. The Government agrees to take no position regarding whether the sentence in this matter should be imposed concurrently with any sentence imposed for the violations pending in *United States v. Antrum Coston*, 3:16cr127(SRU) as of the date of the signing of this plea agreement.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Right to Proceed In Person Due to COVID-19 Public Health Emergency

The defendant understands that he has a right to be physically present in a public courtroom for a guilty plea hearing. In light of the ongoing COVID-19 health emergency, however, the defendant knowingly and voluntarily waives his right to be physically present in the courtroom for the purpose of entering a plea and consents to proceed by video teleconference (or by means of audio teleconferencing if video teleconferencing is not reasonably available). The defendant further expressly stipulates that he has consulted with his counsel regarding the above waiver and consent and wishes to proceed by means of video teleconferencing (or by means of audio teleconferencing if video conferencing is not reasonably available). The parties agree that in light of the nature of this prosecution and the interests of the defendant and the public, this proceeding cannot be further delayed without serious harm to the interests of justice.

Tracy Hayes, *Esq.*
*Page 8*

<u>Waiver of Right to Indictment</u>

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before

Tracy Hayes, *Esq.*
*Page 9*

entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if the total effective sentence does not exceed 37 months of imprisonment, a 3-year term of supervised release, a $300 special assessment, a fine of up to $1 million, restitution of $41,666, and forfeiture as described herein, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

Tracy Hayes, *Esq.*
*Page 10*

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in obtaining two fraudulent PPP loans in his name, each in the amount of $20,833 as described in the information, and in his participation in the possession with intent to distribute controlled substances on or about December 31, 2021, all of which form the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

Tracy Hayes, *Esq.*
*Page 11*

## NO OTHER PROMISES

      The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

      This letter shall be presented to the Court, in open court, and filed in this case.

                      Very truly yours,

                      VANESSA ROBERTS AVERY
                      UNITED STATES ATTORNEY

                      JENNIFER R. LARAIA
                      ASSISTANT UNITED STATES ATTORNEY

      The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

ANTRUM COSTON                  12/20/22
The Defendant                  Date

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

TRACY HAYES, ESQ.              12/20/22
Attorney for the Defendant         Date

Tracy Hayes, *Esq.*
*Page 12*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the information:

### Counts One and Two

Beginning by April 19, 2021, the defendant devised a scheme and artifice to defraud, specifically to obtain Paycheck Protection Program ("PPP") loans in his name, purportedly for operation of a business doing business as "Uptop Cleaning Shop."

The defendant caused an initial PPP loan application to be electronically signed and submitted to Harvest Small Business Finance, LLC ("Harvest"), a lender, which contained a number of false statements. Those false statements included that Coston's business was established in 2018, when in fact, no such entity associated with Coston had been formed in 2018; that the business had total gross income for 2019 (from IRS Form 1040, Schedule C, Line 7), of $114,658.00, when in fact the business had not earned such income and the defendant was incarcerated during the entirety of 2019; and that the business was entitled to a loan of $20,833.00 based on the purported gross income, when the business was not actually entitled to such funds. In support of this application, the defendant caused a false 2019 Schedule C to be submitted to Harvest, which purported to show that the defendant had operated such a business which earned gross receipts or sales of $114,658 and a net profit of $104,640. That Schedule C was never actually filed with the IRS. The defendant also caused a note to be electronically signed for the $20,833 loan. The defendant caused Harvest to transmit $20,833 to an account at TD Bank over which he was the sole signer. On or about April 28, 2021, the defendant knowingly engaged in a monetary transaction with proceeds of that fraudulently obtained loan, withdrawing $15,000 from the account at TD Bank, whose deposits were then insured by the Federal Deposit Insurance Corporation. The funds from that withdrawal were derived principally from the PPP loan fraud.

On or about April 22, 2021, the defendant submitted a second draw borrower application, seeking a second PPP loan for the same business described above. On the application, the defendant provided similarly false information. The defendant also later caused a second note to be signed in connection with the second loan. Harvest issued that second loan, causing the second infusion of $20,833 to be made to the defendant's account at TD Bank on or about June 1, 2021. The defendant withdrew funds and utilized the funds for personal expenditures.

On or about February 2, 2022, the defendant sought forgiveness of both loans, falsely asserting in each instance that the funds had been spent on payroll costs.

### Count Three

On or about December 31, 2021, the defendant possessed with intent to distribute narcotics. On the morning of December 31, a member of the West Haven Police Department conducted a motor vehicle stop of an Acura driven and solely occupied by the defendant. After the defendant pulled over, he got out of the car, but he subsequently got back into the car and

Tracy Hayes, *Esq.*
*Page 13*

drove off, almost striking the law enforcement officer as he fled.  The defendant was apprehended a short time later, hiding in a parking lot a short distance away.

In a black bag that the defendant had had within his possession, law enforcement located 53 white folds containing a powdery substance; laboratory testing reflected that the substance contained fentanyl and heroin.  From the black bag, law enforcement also seized small Ziploc-style bags containing a white powdery substance, which laboratory testing confirmed contained cocaine.  From the vehicle, law enforcement seized a Ziploc-style bag with 30 smaller clear Ziploc-type bags containing an off-white, rock-like substance, which was later confirmed to contain cocaine base ("crack").  In addition, the defendant was found to have over $2,000 in his pants' pocket.  A search warrant was executed later the same day at an address on Coleman Street in West Haven where the defendant then resided.  There, law enforcement found a ballistic vest, $2,790 in U.S. currency, narcotics equipment to include digital scales, and two small Ziploc-style bags containing an off-white, rock-like substance which later tested positive for cocaine base ("crack").  The parties agree that the controlled substances involved in the commission of this offense (a) using a Guidelines crack-to-powder ratio involved a converted drug weight of at least 20 kilograms but less than 40 kilograms; or alternatively, (b) using a 1:1 crack to powder cocaine ratio, involved a converted drug weight of at least 5 kilograms, but less than 10 kilograms.

This written stipulation is part of the plea agreement.  The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
ANTRUM COSTON
The Defendant

_____
JENNIFER R. LARAIA
ASSISTANT UNITED STATES ATTORNEY

_____
TRACY HAYES, ESQ.
Attorney for the Defendant

Tracy Hayes, *Esq.*
*Page 14*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

      The greater of -
      (I) the value of the property on the date of the damage, loss, or destruction; or

      (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.